UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Straights and Gays for Equality (SAGE);
N.R., by her next friend and parent, S.R.; and
H.W., by her next friend and parent, M.W.,

          Plaintiffs,

v.                                                            Civ. No. 05-2100 (JNE/FLN)
                                                             ORDER

Osseo Area Schools—District No. 279; Larry
A. McGee, Dean G. Henke, John L. Nelson,
Kim Green, Linda J. Etim, Judith G. Peterzen,
John O'Sullivan, Jr., and Wendy Loberg,
in their individual and official capacities;
Dr. James L. Smith, in his individual capacity; and
Maple Grove Senior High School,

          Defendants.

      Plaintiffs brought this action against Defendants alleging *inter alia* a claim under 42 U.S.C. § 1983 (2000) for violation of the Equal Access Act (EAA), 20 U.S.C. §§ 4071-4074 (2000). By Order of April 4, 2006, the Court granted Plaintiffs' motion for a preliminary injunction on the EAA claim and ordered Maple Grove Senior High School (MGSH) to grant SAGE the same access for meetings, avenues of communication, and other miscellaneous rights afforded to MGSH "curricular" groups. The matter is before the Court on Defendants' motion to stay the injunction pending appeal and Plaintiffs' motion for civil contempt. For the reasons set forth below, the Court denies the motions.

**A.    Motion for stay pending appeal**

      The Federal Rules of Civil Procedure provide that a district court may stay an injunction pending an appeal:

          When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend, modify, restore, or grant

>an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the adverse party.

Fed. R. Civ. P. 62(c).  In deciding whether to issue a stay, a court generally considers four factors:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982).  "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."  *Hilton*, 481 U.S. at 777.  The applicant bears the burden of establishing the propriety of a stay.  *See Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076 (8th Cir. 1974).

With regard to the first factor, Defendants argue that Plaintiffs' EAA claim raises substantial and novel questions and they are likely to succeed on appeal.  The Court disagrees.  The factors for determining whether a student group is curriculum-related are well established.  *See Bd. of Educ. v. Mergens*, 496 U.S. 226, 239-40 (1990).  As explained in the April 4 Order, the Court has determined that Plaintiffs are likely to succeed on the merits of their EAA claim in light of these factors.  Thus, in the Court's view, there are not substantial and novel questions presented in this case and a successful appeal is unlikely.  This factor does not weigh in favor of staying the injunction.

Turning to the second factor, Defendants argue that "the School District will sustain severe prejudice if the Court's Order is implemented without further review by the Eighth Circuit."  Specifically, Defendants argue that if it grants SAGE full access rights, it will be required to grant all of the other groups it has categorized as "non-curricular" similar access.  As

noted in the Court's April 4 Order, Plaintiffs do not seek onerous rights or privileges. Furthermore, Defendants suggest that granting other "non-curricular" groups full access will be a great burden to the school. In fact, however, the record demonstrates that of the approximately sixty student groups at MGSH, there are only nine groups, including SAGE, that MGSH has denominated "non-curricular." Finally, the Court notes that the school year is nearing an end. For these reasons, the Court is not persuaded that Defendants will suffer "severe prejudice" if the stay is denied. Accordingly, this factor weighs against staying the injunction.

With respect to the third factor, Defendants argue that a stay pending appeal will not cause Plaintiffs substantial injury, as demonstrated by the fact that Plaintiffs failed to file this suit immediately upon discovering that Defendants may be violating their EAA rights. That Plaintiffs attempted to negotiate with Defendants prior to initiating suit does not make the burden on their expressive rights any less substantial. This factor weighs against staying the injunction.

Finally, as detailed in the April 4 Order, the public interest is served by enforcing Plaintiffs' rights under the EAA. Thus, this factor weighs against staying the injunction.

Consideration of the *Hilton* factors reveals that none weigh in favor of staying the injunction. Accordingly, the Court denies Defendants' motion to stay the injunction pending appeal.

**B.     Motion for civil contempt**

By motion of April 5, 2006, Plaintiffs request an order finding MGSH and other defendants in civil contempt. Plaintiffs represent that Defendants have indicated an unwillingness to abide by the Court's April 4 Order pending resolution of Defendants' motion for a stay. In light of the short amount of time that has elapsed since issuance of the preliminary injunction, the Court declines at this time to find Defendants in civil contempt. However, upon

3

4

receipt of this Order, Defendants shall immediately comply with the April 4 Order. In the event Defendants do not do so, Plaintiffs may renew their motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Stay Order [Docket No. 89] is DENIED.

2. Plaintiffs' Motion for an Order of Civil Contempt [Docket No. 95] is DENIED.

Dated:  April  6, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge